IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ONE FORD F-150, VIN #1FTPW12554KD12613, with All Appurtenances and Attachments Thereon, | ) No. 2:14-cv-02416-JPM-dkv ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING PLAINTIFF UNITED STATES'
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff United States' Amended Motion for Summary Judgment, filed January 9, 2015. (ECF No. 24.) For the reasons stated below, Plaintiff's Amended Motion for Summary Judgment is GRANTED.

I.  BACKGROUND

A.  Procedural History

This civil action in rem to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(4) is before the Court on Plaintiff's Complaint of Forfeiture, filed June 3, 2014 (ECF No. 1). On July 3, 2014, Victor Wright ("Claimant") filed an Answer. (ECF No. 13.)

Plaintiff filed a Motion for Summary Judgment on October 6, 2014. (ECF No. 19.) Claimant responded on October 30, 2014. (ECF No. 20.) On December 1, 2014, the Court denied without

prejudice Plaintiff's Motion for Summary Judgment.  (ECF No. 21.)  Plaintiff failed to support its factual claims with admissible evidence pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Id. at 9.)

On January 9, 2015, Plaintiff filed an Amended Motion for Summary Judgment.  (ECF No. 24.)  Claimant filed his Response in Opposition on January 26, 2014.)

**B.  Factual History**

On April 3, 2014, a federal grand jury in the Western District of Tennessee returned an indictment charging Victor Wright and other individuals with conspiracy to possess with intent to distribute Dilaudid and Oxycodone in violation of 21 U.S.C. § 846.  (United States v. Wright, No. 14-20104-SHL-15 (W.D. Tenn.), ECF No. 4.)  Wright pled guilty to both counts on November 18, 2014.  (Id., ECF No. 271.)

According to Plaintiff, on December 28, 2013, as part of a court-ordered Title III wiretap, DEA investigators intercepted a phone call between Wright and an alleged co-conspirator, charged in the same indictment.  (Pl.'s Statement Material Facts ¶ 2, ECF No. 25.)  Plaintiff contends that Wright indicated in the intercepted phone call that he would meet with the alleged co-conspirator in order to sell him quantities of Dilaudid and Oxycodone.  (Id.)  Plaintiff further asserts that officers on January 4, 2012, observed Wright in the driver's seat of the

defendant vehicle, which they subsequently searched, finding 282 tablets of what was later determined to be Oxycodone and 480 tablets of what was later determined to be Dilaudid. (Id. ¶¶ 3-5.)

During his change of plea hearing, Claimant stipulated that Oxycodone and Dilaudid were found in a vehicle that he was driving on January 6, 2012, and that the drugs were being transported for the purpose of being sold to a co-defendant charged in the indictment. Claimant also contests, however, whether the officers legally searched the defendant vehicle. (ECF No. 26 at 6.)

**II. LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 781 (6th Cir. 2014) (per curiam). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012). "A genuine dispute of material facts exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Am. Copper & Brass, Inc. v. Lake City Indus. Prods.,

Inc., 757 F.3d 540, 543-44 (6th Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)); see also Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 702 (6th Cir. 2012). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Phelps, 736 F.3d at 703 (quoting Anderson, 477 U.S. at 251-52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving

4

party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)); see also Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 702 (6th Cir. 2012). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Phelps, 736 F.3d at 703 (quoting Anderson, 477 U.S. at 251-52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49 (citing Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e)). "'When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper.'" Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670

F.3d 677, 680 (6th Cir. 2012) (en banc)); see also Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex Corp., 477 U.S. at 325. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson, 477 U.S. at 255) (internal quotation marks omitted).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) ("[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact'" (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir.

6

2008))); Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record." (alteration in original) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991))).

**III. ANALYSIS**

Plaintiff moves for summary judgment under 21 U.S.C. § 881(a)(4), which provides for the forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances. The government's burden of proof in a civil forfeiture case is found at 18 U.S.C. § 983(c), which provides in relevant part that:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—
>
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture; . . . and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

To satisfy the "substantial connection" element, the nexus between the property and the illegal activity need not be "integral, essential, or indispensable"; "the property need only

7

make the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990) (internal quotation marks omitted) (citing United States v. Premises Known as 3639-2nd St., N.E., Minneapolis, Minn., 869 F.2d 1093, 1096 (8th Cir. 1989)). "The 'substantial connection' requirement does not require the government to provide direct evidence that the property is linked to a specific drug sale. 'Instead, reasonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity.'" United States v. Thirty Nine Thousand Dollars ($39,000.00) in U.S. Currency, No. 04-2902 ML/AN, 2005 WL 2600217, at *4 (W.D. Tenn. Oct. 11, 2005) (quoting United States v. Veggacado, 37 Fed. App'x 189, at *2 (6th Cir. June 14, 2002)).

Plaintiff argues that it has met its burden by demonstrating that there is no genuine issue of material fact as to whether the defendant vehicle was used to transport illegal substances. (Pl.'s Am. Mot. Summ. J. & Mem. Supp. 6, ECF No. 24.) Claimant makes three arguments in response: (1) the drugs found in the defendant vehicle were seized in violation of his Fourth Amendment rights (ECF No. 26 at 6); (2) there is an insufficient nexus between the seized vehicle and the criminal activity at issue (id. at 4); and (3) forfeiture of the vehicle

constitutes excessive punishment in violation of the Eighth Amendment (id. at 5–6).

The Court considers each of Claimant's arguments in turn. Because Claimant has failed to address Plaintiff's assertions of fact, the Court considers Plaintiff's assertions "undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

### A. The Search Did Not Violate Claimant's Fourth Amendment Rights.

"Under the automobile exception to the warrant requirement, an officer may perform a warrantless search of a detained vehicle should the officer have probable cause to believe the vehicle contains contraband or evidence of criminal activity." United States v. Lyons, 687 F.3d 754, 770 (6th Cir. 2012). The smell alone of marijuana in a vehicle provides officers with probable cause to search the vehicle. United States v. Foster, 376 F.3d 577, 588 (6th Cir. 2004). In this case, Wright stated that there was part of a marijuana joint in the vehicle. (Richardson Aff. ¶ 6, ECF No. 25-5.) The officers therefore had probable cause to search the vehicle. Accordingly, the search was legal under the automobile exception and did not violate Claimant's Fourth Amendment rights.

### B. There is a Sufficient Nexus Between the Seized Vehicle and the Criminal Activity at Issue.

It is undisputed that on January 4, 2014, Wright drove the Defendant vehicle, a 2004 Ford F-150 with VIN 1FTPW1255KD12613,

to the Cinnamon Trails Apartments in Memphis, Tennessee. (Richardson Aff. ¶ 6.) Wright stipulated at the change of plea hearing that he was transporting approximately 282 Oxycodone and 400 Dilaudid pills that he intended to sell. After stopping Wright, officers searched the Defendant vehicle and found these pills inside. (See id.)

"The use of a vehicle solely for transportation to the site of an illegal transaction is sufficient to warrant forfeiture under the 'substantial connection' standard." United States v. Thirty Nine Thousand Dollars ($39,000.00) in U.S. Currency, No. 2:04-cv-02902-JPM-tmp, 2005 WL 2600217, at *3 (W.D. Tenn. Oct. 11, 2005). The undisputed facts therefore demonstrate that the "substantial connection" standard has been met by a preponderance of the evidence in this case.

### C. Forfeiture of the Vehicle Does Not Violate the Eighth Amendment.

Civil forfeiture under 21 U.S.C. § 881(a)(4) is "subject to the limitations of the Eighth Amendment's Excessive Fines Clause." Austin v. United States, 509 U.S. 602, 622 (1993). Such a forfeiture "violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 334 (1998).

Forfeiture of the vehicle in this case is not grossly disproportional to the offense. Wright pleaded guilty to 21 U.S.C. § 841(b)(1)(C) and § 846. (Redacted J. at 1, <u>United States v. Wright</u>, No. 2:14-cr-20104-SHL (W.D. Tenn.), ECF No. 438.) Section 841(b)(1)(C) authorizes monetary fines several orders of magnitude greater than the value of the Defendant vehicle. Accordingly, the forfeiture of the vehicle does not violate the Eighth Amendment.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF No. 19) is GRANTED.

**IT IS SO ORDERED,** this 25th day of June, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE